IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | 4:CR-03-0298 |
| v. : | |
| : | (Judge McClure) |
| ANTONIO MCINTOSH, a/k/a "DON" and : | |
| DOMONIQUE HAYNES, a/k/a "EBONY," : | |
| : | |
| Defendants. : | |

**O R D E R**

January 10, 2006

Defendants Domonique Haynes and Antonio McIntosh were found guilty of various drug offenses by a jury in the Middle District of Pennsylvania on May 12, 2005. The defendants have moved for a new trial alleging, inter alia, that the government violated the teachings of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny by failing to provide the complete criminal history of government witness Edward "Eddie" Edmonds, and by wholly failing to provide the criminal history of government witness Gene Williams. The defendants argue that the government provided the criminal history of a different man named Gene Williams, rather than the Gene Williams who testified at trial.[1]

---

[1] In McIntosh's renewed motion for a new trial, filed today, he informs the court that the Gene Williams who testified at trial was born on February 27, 1964. The criminal history provided by the government is for a man named Gene Williams whose date of birth is November 22, 1964

After trial, the defendants were able to retrieve the complete criminal history for Edmonds through the efforts of a private investigator, but have reported to this court that the criminal history of Gene Williams is unobtainable because it has been "flagged or restricted." In considering the defendants' motions for a new trial, we determined that it was essential for the defendants and the court to have the complete criminal history for the pertinent Gene Williams. On December 21, 2005, we therefore ordered the government to "produce and deliver to the defendants' counsel of record, and to this court, a true, correct and complete copy of the criminal history of the Gene Williams who testified at the trial of Domonique Haynes and Antonio McIntosh." (Order, Rec. Doc. No. 487.) We directed the government to provide this history to the court and to the defendants "[n]o later than January 5, 2006." (Id.)

The United States Attorney's Office did not meet this deadline. It was not until the close of business on Friday, January 6, 2006, that the government provided the court with a copy of the criminal history of Gene Williams. Not only was this submission untimely, but it consisted of the exact same criminal history that was initially provided to the defendants, i.e., the criminal history for a man the

defendants claim is the wrong Gene Williams.[2]

Now before the court is McIntosh's renewed motion for a new trial. (Rec. Doc. No. 488). This document outlines the status of matters and requests that the court "now draw an inference adverse to the government given its refusal to provide the criminal history for the relevant Gene Williams." (Id. at ¶ 14.) McIntosh argues that the court should now infer that "the criminal history for the correct Gene Williams would have provided critical fodder for impeachment and its withholding significantly prejudiced the defendant." (Id.) McIntosh concludes with the suggestion that the court should grant the defendants' motion for a new trial based on Brady v. Maryland, 373 U.S. 83 (1963).

Although troubled by the government's most recent failure to comply with its obligations, we are not inclined to grant a new trial on this basis. We may, however, draw an inference adverse to the government in our analysis of the defendants' motions for a new trial if the government does not provide to the parties and to the court a true, correct and complete copy of the criminal history of

---

[2]We note that the government has never directly addressed the defendants' contention that the criminal history provided (twice, now) is for the "wrong" Gene Williams. While the government conceded in its reply to the defendants' initial motions for a new trial that "the criminal histories were incomplete" (Rec. Doc. No. 478, at 14), the government fails to confront the defendants' argument concerning the identity of Gene Williams in its January 6, 2006 submission.

the Gene Williams <u>who testified at the trial of Domonique Haynes and Antonio McIntosh</u>.  The government will be ordered to provide such history within ten business days.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. No later than 5:00 p.m. on January 25, 2006, the government shall produce and deliver to the defendants' counsel of record, and to this court, a true, correct and complete copy of the criminal history of the Gene Williams who testified at the trial of Domonique Haynes and Antonio McIntosh.

2. Failure of the government to comply with paragraph 1 of this order, without just cause, may cause the court to draw an inference adverse to the government in its analysis of defendants' motions for a new trial.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge