IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 4:CR-03-0298 |
| v. | : | |
| | : | (Judge McClure) |
| ANTONIO MCINTOSH, a/k/a "DON" and | : | |
| DOMONIQUE HAYNES, a/k/a "BLACK," | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

August 16, 2006

**BACKGROUND:**

Defendants Domonique Haynes and Antonio McIntosh, among others, were charged with various drug offenses by way of superceding indictment dated March 25, 2004. Haynes and McIntosh stood trial for the charges. A jury was selected on May 2, 2005, and the trial concluded on May 12, 2005. On May 12, 2005, both defendants were found guilty of all charges by the jury. We denied Haynes's and McIntosh's first joint motion for a new trial in a memorandum and order dated February 7, 2006. On June 19, 2006, Haynes and McIntosh filed a Joint Second Supplemental Motion For A New Trial And To Convene An Evidentiary Hearing If Necessary. (Rec. Doc. No. 523.)

For the following reasons, we will deny the motion.

**DISCUSSION:**

The defendants' motion sets forth two possible grounds for a new trial. First, defendants allege that the government improperly substituted "prop" exhibits for drugs confiscated during a series of controlled buys, because the actual drugs were destroyed by the Commonwealth of Pennsylvania pursuant to an order issued by the Lycoming County Court of Common Pleas after the state case against Haynes was nolle prossed in favor of the federal prosecution. Second, defendants allege a Brady violation with respect to witness Tamirra Smith.

The defendants' motion was filed pursuant to Federal Rule of Criminal Procedure 33, which provides:

> **(a) Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
> **(b) Time to File.**
> **(1) Newly Discovered Evidence**. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
> **(2) Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33.

"[T]he time limit for filing motions for a new trial under Rule 33 is jurisdictional." United States v. Gaydos, 108 F.3d 505, 512 (3d Cir. 1997) (citing United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987). "A district court is powerless to entertain untimely motions under Rule 33 unless it grants an appropriate extension within seven days after the verdict." Id. We granted no such extension here, and more than seven days have passed since the jury returned a verdict of guilty. Ergo, for this court to have jurisdiction, the motion must be "grounded on newly discovered evidence." Fed. R. Crim. P. 33(b)(1).

To determine whether a new trial based on "newly discovered evidence" should be granted, courts apply the following five-part Ianelli test:

> (a) the evidence must be, in fact, newly discovered, i.e., discovered since trial;
> (b) facts must be alleged from which the court may infer diligence on the part of the movant;
> (c) evidence relied on must not be merely cumulative or impeaching;
> (d) it must be material to the issues involved; and
> (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

United States v. Jasin, 280 F.3d 355, 361 (3d Cir. 2002) (quoting United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976)).

We apply the five-part test set forth by the United States Court of Appeals for the Third Circuit to each proposed ground for a new trial.

1. The Drug Exhibit

At trial, Officer Dustin Kreitz of the Lycoming County Drug Task Force testified at length regarding controlled drug buys involving Haynes during July 2003. These particular drug sales (on July 2, 8, and 11, 2003) were the subject of state charges that were nolle prossed in favor of the federal charges. Kreitz testified at the federal trial that "Government Exhibit 1011 contained five black semi-transparent heat-sealed plastic bags containing cocaine which had been recovered from" the confidential informant. (Defendants' Second Motion for New Trial, Rec. Doc. No. 523, at ¶ 13.)

After Haynes and McIntosh were found guilty, defense counsel discovered evidence suggesting that the drugs obtained in the July 2003 purchases were destroyed by order of the Lycoming County Court of Common Pleas.[1] Defendants state that "[e]vidence that [Exhibit 1011] was a fabrication, that the drug exhibit

---

[1]Defense counsel avers that he discovered this material after receipt of the Presentence Investigation Report for defendant Haynes. (Rec. Doc. No. 523, at ¶ 6.) The Report was prepared on March 3, 2006, and revised on May 16, 2006. The defendants' trial concluded on May 12, 2005.

was nothing more than a prop, would have been profound and potentially catastrophic to the United States' [sic] case." (Defendants' Brief in Support, Rec. Doc. No. 524, at 4-5.)

We turn to the five-part test set forth in Ianelli and described in Jasin. While it is true that the evidence suggesting that the drugs were destroyed is "new" in that defendants were not actually aware of it before or during trial, "evidence is not 'newly discovered' when it was known or could have been known by the diligence of the defendant or his counsel." United States v. Bujese, 371 F.2d 120, 125 (3d Cir. 1967). Here, defendants do not allege facts "from which the court may infer diligence on the part of the movant." Jasin, 280 F.3d at 361. There is no apparent reason why defense counsel could not have discovered these public records before trial.

Because there is nothing in defendants' motion from which we may infer diligence on the part of defendants or their counsel in discovering the public records that form the basis of their motion, the motion fails the rubric set forth in Ianelli. The public records ordering the destruction of evidence "could have been known by the diligence of . . . [defendants'] counsel." Bujese, 371 F.2d at 125. Accordingly, we will deny the motion as to the drug exhibit.

2. Tamirra Smith

Defendants also argue that they are entitled to a new trial based on the testimony of Tamirra Smith.

Defendants argue that the government's loss of Smith's proffer report is "nefarious." (Rec. Doc. No. 524, at 6.) They argue that Smith told investigators that Haynes and McIntosh "had nothing to do with each other's money," and that this testimony, if elicited at trial, would be "exculpatory and of extraordinary impeachment value." (Id.)

Insofar as the instant motion for a new trial is based on the government's failure to provide a report from the proffer session, the motion is untimely because it is "grounded on [a] reason other than newly discovered evidence" and was not made within seven days of the guilty verdict. We are therefore without jurisdiction to consider the motion on its merits.[2] See Fed. R. Crim. P. 33(b)(2); Gaydos, 108

---

[2]Even were we to reach the merits of the motion, our ruling would be the same.

Although the report of Smith's proffer was not available, Smith's attorney, who was present at Smith's proffer, provided to the court her notes from the proffer. Upon reviewing the notes in camera under seal, we found nothing exculpatory in the notes. (Trial Tr. May 4, 2005, morning session, Rec. Doc. No.

F.3d at 512.

This does not end our inquiry, however. The second component of the motion regarding Tamirra Smith involves an uncounseled statement she purportedly made to defendant Haynes's private investigator. Attached to defendants' motion is a copy of a handwritten statement attributed to Smith, which reads as follows:

> 7 April 2006 15:30 hrs
> Lycoming County Prison
>
> I, Tamirra S. Smith, make the following statement of my own free will. I have been given no promise or reward nor favor in exchange for the following.

---

395, at 4) ("The Court has reviewed those notes and finds nothing exculpatory in the notes.")

Nothing has changed. Upon the filing of this motion, we have again reviewed the detailed notes of Smith's attorney taken during the proffer session. Rather than reveal a statement from Smith that Haynes and McIntosh were financially independent, Smith's proffer statement suggests that McIntosh owed Haynes money for the time that Haynes bailed McIntosh out of jail in New Jersey, and that McIntosh planned to sell drugs to repay Haynes. After our most recent review, we again find nothing exculpatory in the notes.

> During my interview with Agent Krietz regarding Domonique Haynes I told him they had nothing to do with each other's money. I told him that they did not even get their drugs from the same place. I also told Krietz that Haynes bought his drugs in Philadelphia and Macintosh [sic] got his drugs from New York.
>
> [signed]
> Tamirra S. Smith.

(Rec. Doc. No. 523, Attachment 8.)

We apply the five-part Ianelli test to this statement.

As an initial matter, we note that there are serious credibility issues with the statement purportedly made by Smith. It was not made under oath. It was not made in the presence of counsel. It was apparently made to a private investigator immediately after Smith was arrested on unrelated charges, while Smith sat in county jail, awaiting the appointment of counsel. Smith has already been sentenced in this matter. We discern no indicia of reliability with regard to the substance of the statement or the circumstances of its making. Nevertheless, we proceed with our analysis upon the generous assumption that her statement was truthful.

First, we must consider whether this is "newly discovered evidence." The United States Court of Appeals for the Third Circuit has held that "evidence known but unavailable at trial does not constitute 'newly discovered evidence' within the

meaning of Rule 33." Jasin, 280 F.3d at 362. The court in Jasin held that the newly available testimony of a codefendant who invoked his Fifth Amendment privilege against self-incrimination and refused to testify at trial does not qualify as "newly discovered evidence" for the purposes of Rule 33. Id. The holding in Jasin was "premised entirely" on the fact that the moving defendant knew what his codefendant would testify to, if he did not invoke his Fifth Amendment privilege. See id. at n.7.

Our situation is somewhat different but the reasoning employed in Jasin is helpful. Assuming that Smith stated in her proffer that Haynes and McIntosh "had nothing to do with each other's money," the defendants had no way of knowing what she said because they had neither notes nor a report from the proffer session. Thus, it could not be fairly said that such a statement by Smith was "known" to defendants Haynes and McIntosh. We therefore find that the statement, insofar as it states that Haynes and McIntosh "had nothing to do with each other's money,"[3]

[3]The statement that "Haynes bough his drugs in Philadelphia and Macintosh [sic] got his drugs from New York" is not "newly discovered," as this fact was elicited at trial from different witnesses. Alicia Welch testified that Haynes made three to four trips a week from Williamsport to Philadelphia and back to transport crack cocaine. (Trial Tr. May 2, 2005, Rec. Doc. No. 394, at 56.) Smith, Tammy

is "newly discovered" within the meaning of the first prong of the Ianelli test.

The second prong of the Ianelli test concerns the diligence of the parties. The proffer of Smith was lost or destroyed through no fault of the defendants. As Smith was represented by counsel continuously throughout the instant case, defense counsel was unable to interview her prior to her testimony. We find that the second prong of the Ianelli test is satisfied.

The third and fourth prongs of the Ianelli test require us to consider whether the evidence is "merely cumulative or impeaching," and whether it is material. The portion of Smith's statement regarding the source cities for Haynes and McIntosh is cumulative. See note 2, supra. Evidence that McIntosh and Haynes "had nothing to do with each other's money" could possibly be material to the conspiracy charge. However, this evidence does not satisfy the fifth prong of the Ianelli test, because it is not evidence that "would probably produce an acquittal."

As noted at the outset of this discussion, there are serious credibility issues with regard to the statement purportedly made by Smith. Furthermore, her

---

Williams, and Gene Williams all testified regarding a trip with McIntosh to New York City to purchase drugs. (Trial Tr. May 4, 2005, afternoon session, Rec. Doc. No. 393, at 75-85; Trial Tr. May 4, 2005, morning session, at 28-33; Trial Tr. May 4, 2005, afternoon session, at 75-83.)

statement contradicts her own testimony at trial. Specifically, Smith testified at trial that she accompanied McIntosh on an errand to collect $3,500 owed to Haynes by a woman. (Trial Tr. May 4, 2005, afternoon session, Rec. Doc. No. 393, at 89-90.) Most importantly, there was sufficient testimony at trial connecting Haynes and McIntosh in a conspiracy, including testimony regarding the loaning and entrustment of money between the defendants, such that Smith's most recent statement is not the sort of evidence that would "probably produce an acquittal" if we ordered a new trial.

Because the statement attributed to Smith does not satisfy the five-part test set forth in Ianelli, the motion for a new trial will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Defendants' Joint Second Supplemental Motion For A New Trial And To Convene An Evidentiary Hearing If Necessary is denied. (Rec. Doc. No. 523.)

2. An order setting a date for sentencing the defendants will be issued separately.

s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge